THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DEBORAH CERKEZOGLU, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BABBEL GMBH, d/b/a BABBEL,<br><br>Defendant. | Case No. 3:26-cv-05136-TMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY REMAND ORDER** |



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

## I. INTRODUCTION

Currently pending before the Ninth Circuit is an appeal under 28 U.S.C. § 1291 presenting the same issue raised by the petition for permission to appeal under 28 U.S.C. § 1453(c)(1) made in that court by Babbel GmbH: whether sending false or misleading commercial email subject lines in violation of Washington's Commercial Electronic Mail Act (CEMA), *see* Wash. Rev. Code § 19.190.030(1)(b), and Consumer Protection Act (CPA), *see id.*, inflicts concrete injury under Article III. That appeal is *Montes v. PenneyOpCo, LLC*, No. 26-241 (9th Cir.) ["*Montes II*"]. The answer to the precise question Babbel so desperately seeks will thus be handed down in due course.

Babbel nevertheless asks this Court for the extraordinary relief of a stay while the Ninth Circuit considers both Babbel's petition for permission to appeal and the merits of the appeal itself. No stay is warranted. The Court has already rejected many of Babbel's arguments in denying its motion to stay pending *Montes II* made in response to the Court's show cause order. *See* Order Remanding Case 6–7 (Oct. 8. 2026), ECF No. 23 ["Remand Order"]. Moreover, either Babbel's own appeal or, more likely, *Montes II* will answer Babbel's question. If the Ninth Circuit's answer is favorable to Babbel, it may pursue removal again. Until then, the Washington courts are fully competent to hear the claims of a Washington resident arising under Washington statutes. Babbel cannot be harmed by the operation of this ordinary feature of federalism. But Cerkezoglu, as well as the broader public, will unquestionably suffer harm if the resolution of Cerkezoglu's claims on their merits is delayed still *more* while Babbel tries to pry open the doors to federal court by hook or by crook. Babbel's motion should be denied.

## II. ARGUMENT

### A. Babbel's petition for permission to appeal is unlikely to succeed.

Though Babbel seeks a stay "while the Ninth Circuit decides whether to review the threshold jurisdictional question on which remand turns," Mot. 1, ECF No. 24, Babbel's argument on its likelihood of success skips over step one and tries to start at step two. That is, Babbel assumes it will be granted permission to appeal and then argues its appeal will be successful. *See id.* at 3–5. Its assumption is unwarranted. The Ninth Circuit is unlikely to grant discretionary review of this case on an expedited basis, *see* 28 U.S.C. § 1453(c)(2), when another case presenting precisely the same issue has been brought before the Court in regular order under 28 U.S.C. § 1291. That case is *Montes II*. The court is unlikely either to preempt or to rush out the *Montes II* decision simply to conform to Babbel's preferred schedule in this case.

That is so particularly when Babbel's petition flunks the controlling test under *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096 (9th Cir. 2010). Babbel's petition presents only a non-CAFA question. *But see id.* at 1100 (first relevant factor in determining whether to grant Section 1453 review is "the importance of the *CAFA-related* question to the case at hand" (emphasis added)). And the non-CAFA question raised by Babbel is already before the Ninth Circuit in *Montes II*. *See id.* (second relevant factor is "the likelihood that the question will evade effective review if left for consideration only after final judgment" (internal quotation marks omitted)). The consent-based arguments Babbel has already previewed to the Ninth Circuit do not find support in the pleadings and have not been briefed by both parties. *See id.* (third relevant factor is "whether the record is sufficiently developed and the order sufficiently final to permit intelligent review" (internal quotation marks omitted)). And, as discussed in this Opposition, the balance of harms



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

favors granting permission to appeal. *But see id.* (fourth relevant factor is "the familiar inquiry into the balance of the harms").

**B. As the Court has already found, even if appeal is permitted, Babbel's arguments are unlikely to merit reversal.**

Even assuming Babbel could overcome the first hurdle, it is likely to stumble at the second. That is, even if the Ninth Circuit were to grant Babbel permission to appeal, Babbel's arguments for reversal show little promise. As this Court has already determined, the Ninth Circuit is unlikely to view Babbel's arguments favorably. *See* Remand Order 6 ("Babbel has not made a strong showing that the *Montes* case is likely to result in a decision favorable to Babbel on the question of Article III standing.").

Moreover, Babbel's arguments on appeal, as previewed to the Ninth Circuit, appear to have more to do with its surprisingly expansive reading of Rule 8 than with Article III's standards for concrete injury. *See* Emergency Mot. to Stay 4–7 (quibbling more with this Court's application of "pleading standards" than of Article III), No. 26-6944 (9th Cir.), ECF No. 7.1. To the extent Babbel's arguments start from the premise that Cerkezoglu affirmatively alleges she never consented to receive any marketing emails from Babbel—even in the attenuated, fictitious sense of "consent" that is routinely enforced against consumers, *see* Compl. ¶¶ 19–20—Babbel is unlikely to persuade the Court of Appeals that Cerkezoglu can sufficiently allege lack of consent where the complaint is silent on the questions. *See* Remand Order 5 ("Cerkezoglu does not allege that any email from Babbel to a Washington consumer—including herself—was unsolicited.").

**C. As the Court has already found, Babbel will not be harmed, still less irreparably, but litigating in state court.**

As the Court has already found, Babbel's irreparable harm arguments are unsupported by "evidence or authority." Remand Order 6. Even if the Court's Article III analysis is eventually



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

disapproved by the Ninth Circuit, there is nothing even arguably harmful about litigating the claims of a Washington resident under Washington statutes in a Washington court. Babbel would simply prefer to litigate in a federal forum. But the frustration of that preference will not irreparably harm Babbel—or harm it at all.

Babbel may simply refile its motion to dismiss, denied as moot by the Court when it entered the Remand Order. *See* Wash. Super. Ct. Civ. R. 12(b)(6) (authorizing motions to dismiss for failure to state a claim). Assuming that motion is denied (as most such motions have been in the recent wave of CEMA litigation), the parties will proceed to discovery. Discovery, including production of ESI, may be conducted as readily in state court as in federal court, and may be readily ported over to federal court if and when Babbel again seeks removal in light of the eventual *Montes II* decision or, indeed, a decision in this case (absent a stay).

More fundamentally, state courts' deciding the application of state statutes to claims raised by state residents does not inflict harm, irreparable or otherwise—it is a bedrock feature of our federal system. Absent some extraordinary showing that Washington courts will not afford Babbel due process (which is not even obliquely suggested by its motion), the mere incantation of the words "duplication" and "waste" cannot transmute the ordinary, lawful operation of federalism into an injury which equity must reach out to prevent.

**D. Cerkezoglu will be harmed if her claims are held captive to still more litigation about venue.**

Setting aside Babbel's previously filed motion to dismiss, there is no question that Cerkezoglu's claims will proceed in *some* forum. The only question is which. Anxious to avoid the knotty Article III problems presented by CEMA claims, among other reasons, Cerkezoglu sensibly filed in state court. *Cf. TransUnion LLC v. Ramirez*, 594 U.S. 413, 459 n.9 (2021) (Thomas, J.,



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

dissenting) (noting state courts will be left "as the sole forum" to hear even certain federal statutory claims). When Babbel removed her case, Cerkezoglu nevertheless supported Babbel's invocation of federal jurisdiction. *See* ECF No. 13, at 2–4 (plaintiff's opposition to motion to dismiss). Now her case once again finds itself back where it started.

The upshot is, more than nine months after Cerkezoglu filed her complaint, not one issue has been decided on its merits; not a single document has been produced; and not a single interrogatory has been answered. All while ESI degrades, witnesses' memories dim, and Babbel continues its campaign of deceptive consumer spam. It is uncontested that Cerkezoglu has at least one forum open to her to hear and decide her claims. But Babbel's forced game of jurisdictional ping-pong means that currently *no court* is addressing her claims' substance. This Court should not aggravate these injuries by forcing on Cerkezoglu yet another unwanted delay pending yet another unwanted round of litigation about litigation, to no one's benefit but Babbel's.

**E. As the Court has already found, the public's interest lies in seeing consumer rights vindicated on their merits.**

The general "policy of Congress," as expressed by 28 U.S.C. § 1447(d), is to "oppose[] 'interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed.'" *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006) (quoting *United States v. Rice*, 327 U.S. 742, 751 (1945)). That policy has suffered repeated assaults at Babbel's hands. Moreover, the state and people of Washington have a fundamental interest in seeing their laws enforced on their merits. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (vacating stay) ("If the Attorney General's … claim has merit, [defendant's conduct] is an ongoing illegal concentration of market power that threatens economic harm to electricity consumers."); *Washington v. Internet Order, LLC*, 2015 WL 918694,



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

at *5 (W.D. Wash. Mar. 2, 2015) (denying stay) ("[A] stay would potentially harm Washington consumers because it would delay their ability to obtain relief under [federal consumer protection law] if such relief is warranted."). Like Cerkezoglu's, the public's interest lies in seeing this case proceed, no matter whether it proceeds in Babbel's chosen forum—a question the Court has already determined. *See* Remand Order 7 ("[I]t serves the public interest for this case to be litigated sooner rather than later.").

## III. <u>CONCLUSION</u>

The Court should deny Babbel's emergency motion to stay.

[*Signature page follows.*]



CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
TEL. 317.636.6481 FAX 317.636.2593

DATE: November 2, 2026

Respectfully submitted:

/s/ *Lynn A. Toops*

Lynn A. Toops, *pro hac vice*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

*I certify that this memorandum contains 1,678 words in compliance with the Local Civil Rules.*

Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli, *pro hac vice*
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiff*

* Applications for admission *pro hac vice* forthcoming