THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CERKEZOGLU, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BABBEL GMBH, d/b/a BABBEL,<br><br>Defendant. | Case No. 3:26-cv-05136-TMC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO STAY REMAND ORDER** |

As indicated in its Emergency Motion to Stay Remand Order ("Motion," Dkt. 24), Babbel filed a petition for permission to appeal the Court's Remand Order in the Ninth Circuit per 28 U.S.C. § 1453(c) on October 19, 2026. In conjunction with its petition, pursuant to Circuit Rule 27-3, Babbel also filed an Emergency Motion to Stay Remand in the Ninth Circuit. Both the petition and Ninth Circuit motion to stay are fully briefed and currently pending decision by that court. In light of those filings, the Ninth Circuit entered an order administratively staying the Remand Order pending its determination. Dkt. 26. For the following reasons, the Court should grant Babbel's Motion.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## I. INTRODUCTION

Plaintiff's opposition rests on three mistaken premises: that Babbel is unlikely to obtain Ninth Circuit review, that Babbel suffers no cognizable harm from losing the federal forum CAFA guarantees, and that the overall balance of harms weighs against a stay. None of her arguments prevail. The question before this Court is whether a stay is warranted if Babbel's appeal is accepted by the Ninth Circuit, and the loss of a federal forum pending that review is precisely the harm CAFA is intended to prevent. The remaining factors, as the opening motion shows, tip sharply in Babbel's favor. A stay should therefore issue.

## II. ARGUMENT

### A. Babbel Is Likely To Succeed On Appeal.

Plaintiff insists that the threshold question is whether Babbel's petition for review is likely to be granted, rather than whether Babbel is likely to succeed on appeal when the petition is granted. Dkt. 27 at 3. Plaintiff is wrong. The first factor that governs the inquiry of whether the Court should stay remand pending appeal is whether Babbel is likely to succeed on appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The Ninth Circuit has already administratively stayed the Remand Order pending its review of Babbel's petition. Dkt. 26. This motion seeks a stay pending that appeal should the Ninth Circuit grant the petition.

Regardless, Plaintiff's argument that Babbel's petition is unlikely to be granted because of *Montes v. Penney OpCo, LLC* ("*Montes II*"), No. 26-241 (9th Cir.) is self-defeating. That *Montes II* is currently pending only bolsters, rather than undermines, Babbel's chances of having its petition granted and its accompanying request for a stay. *See Rios v. Amazon.com Servs., LLC*, No. 26-4146, ECF No. 7.1 (9th Cir. Sep. 30, 2026) (staying resolution of petition to appeal pending resolution of related appeal); *Nyannor v. Aramark Servs., Inc.*, No. 25-8126, ECF No. 28.1 (9th Cir. Sep. 30, 2026) (same). Also, if the Court grants Babbel's motion, and the Ninth Circuit subsequently declines to hear the appeal or moots Babbel's petition in a decision on *Montes II*, then this Court can lift the stay and order further proceedings in this case accordingly. But



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Plaintiff's argument regarding *Montes II* says nothing about the merits of Babbel's underlying appeal.

Plaintiff's remaining argument regarding Babbel's likely success on appeal is even weaker. Plaintiff merely offers a characterization of Babbel's appellate arguments, not a meaningful *challenge* to the arguments on the merits. Dkt. 27 at 4. Which is unsurprising. Plaintiff lacks any substantive arguments opposing Babbel's appeal on the merits because *Plaintiff has consistently agreed that she has pleaded standing*.

**B. Babbel Will Be Irreparably Harmed Without A Stay.**

Plaintiff recasts Babbel's loss of the federal forum as a mere preference. Dkt. 27 at 5. But through CAFA, Congress gave defendants facing significant putative class liability a statutory right to a federal forum. The erosion of that right while review is pending is the precise harm that Congress enacted the discretionary appellate review provision to prevent. *See Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 927 (9th Cir. 2015); *see also Zielinski v. First Nat'l Ins. Co.*, 2020 WL 2507993, at *2 (W.D. Wash. May 15, 2020) (without a stay, "the parties would … likely expend some duplicative efforts in state court"). Requiring Babbel to litigate just such a class action outside of the very forum authorized by Congress inappropriately renders CAFA's appellate mechanism entirely "toothless." *Zielinski*, 2020 WL 2507993, at *1.

Plaintiff's own description of the likely outcome should the stay be denied proves the point. She concedes that Babbel must re-file its dismissal motion, that the parties will then proceed to discovery, and that any resulting litigation efforts would have to later be "ported over" *back* to the federal court. Dkt. 27 at 5. Every motion briefed, every scheduling decision made, and every discovery dispute resolved in state court will have to be relitigated if Babbel prevails on appeal. That is the definition of duplicative litigation and wasted effort, not an answer to it.

**C. A Stay Will Not Substantially Harm Plaintiff.**

Plaintiff's own inconsistent arguments refute her contention of harm. Plaintiff acknowledges that she "supported Babbel's invocation of federal jurisdiction," yet in nearly the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

same breath passes blame onto Babbel for a "game of jurisdictional ping-pong" that has delayed the adjudication of her case for nine months. Dkt. 27 at 6. She further acknowledges that Babbel is likely to "again seek[] removal in light of the eventual *Montes II* decision or, indeed, a decision in this case" should it succeed on appeal, yet decries an open-ended delay of the remand to state court that no one is seeking. *Id.* at 5–6. Babbel has diligently and timely attempted to litigate the merits of this case, yet through no fault of its own, the case remains at the pleading stage. Further, Plaintiff concedes that she may pursue her claims in whichever forum is ultimately found to have proper jurisdiction. *Id.* at 6.

The threshold jurisdictional question will be definitively resolved in short order—in either *Montes II* or through this appeal—and a short stay to let that important question get resolved changes little, while sparing both sides the duplicative, potentially inconsistent proceedings that a remand would set in motion. A brief, bounded delay of this kind does not outweigh the irreparable harm to Babbel under these circumstances. *See Nken*, 556 U.S. at 434. Plaintiff makes no showing that maintaining the status quo until that threshold issue is resolved materially harms her ability to litigate her case.

**D. A Stay Serves The Public Interest.**

Plaintiff's appeal to the general policy against prolonged jurisdictional litigation, Dkt. 27 at 6–7, is beside the point. Congress itself displaced that default for CAFA class actions when it authorized the very appeal Babbel seeks. 28 U.S.C. § 1453(c). Allowing the state court to adjudicate the merits of the case while the Court's Remand Order is under review serves no public interest. It squanders judicial resources on work that the Ninth Circuit may ultimately undo. A stay also places Plaintiff in no worse position than many other CEMA plaintiffs, as this Court has stayed many CEMA actions awaiting resolution of *Montes II*.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## III. CONCLUSION

The Court should grant Babbel's motion to stay the Remand Order until proceedings in the Ninth Circuit are fully resolved.

DATED: November 6, 2026.

*I certify that this memorandum contains 1,163 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Kit W. Roth*
Kit W. Roth, WSBA #33059
Damon C. Elder, WSBA #46754
T. Ray Ivey, WSBA #55683
Tjitske Dekker, WSBA #61558
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: kit.roth@morganlewis.com
damon.elder@morganlewis.com
ray.ivey@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant Babbel GmbH*